IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **LONDON MURRAY** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
|                 v. | )   **Civil No. 23-842** |
| | ) |
| **CAPIO PARTNERS** | ) |
| | ) |
|     **Defendant.** | ) |

## OPINION and ORDER

Plaintiff London Murray, proceeding pro se, filed the instant action against Defendant Capio Partners alleging violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692. Compl. ECF No. 6 & 6-1. Ms. Murray asserts four causes of action against Capio Partners, each claim alleging a violation of a specific subsection of the FDCPA.

### I.  Factual Background

Ms. Murray alleges that she "received an alleged bill for an alleged debt." Compl. ¶ 6. "The alleged debt was used for services for personal purposes creating a consumer credit transaction." *Id.* The remainder of Paragraph 6 consists of conclusions of law and matters irrelevant to the present case. She identifies four causes of action as follows:

1.   Capio Partners "used threatening tactics in attempt to harm the Plaintiff['s] reputation by reporting [that] a negative credit report m[a]y reflect on the Plaintiff['s] credit record," In violation of 15 U.S.C. § 1692d(1).

2.   Capio Partners "used obscene and profane language the natural consequence [of] which is abuse to the Plaintiff of the alleged debt on multiple occasions," in violation of 15 U.S.C. § 1692d(2).

3.   Capio Partners "used false representation of the amount due of the alleged debt[, as] it all shows a positive balance," in violation of 15 U.S.C. § 1692e(2a).

    4.    Capio Partners "compiled and furnished a deceptive form creating false belief in an attempt to collect alleged debt such Plaintiff owes such alleged creditor," in violation of 15 U.S.C. § 1692j(a).

Compl. ¶¶ 7-10.

## II. Discussion

Capio moves to strike the Complaint pursuant to Federal Rule of Civil Procedure 12(f) and, in the alternative, moves to dismiss the Complaint pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

### A. Motion to Strike Pursuant to Rule 12(f)

#### 1. Rule 12(f) Standard

Pursuant to Federal Rule of Civil Procedure 12(f), the "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. Proc. 12(f). The purpose of a motion to strike is to "clean up the pleadings, streamline litigation, and avoid the unnecessary forays into immaterial matters." *United States v. Educ. Mgmt. Corp.*, 871 F.Supp.2d 433, 460 (W.D.Pa. 2012) (citation omitted). The movant must show that the allegations being challenged are so unrelated to the plaintiff's claims as to be unworthy of any consideration and that their presence in the pleadings will be prejudicial. *Flanagan v. Wyndham Int'l, Inc.*, No.2002/237–M/R, 2003 WL 23198798 (D.Vi. Apr. 21, 2003) (citing 2 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedures, § 1380). Although courts possess considerable discretion in disposing of a motion to strike under Rule 12(f), *Thornton v. UL Enters.*, No. 09–287E, 2010 WL 1005021, at *2 (W.D.Pa. Mar.16, 2010), "[s]triking some or all of a pleading is [] considered a drastic remedy to be resorted to only when required for the purposes of justice," *Tennis v. Ford Motor Co.*, 730 F.Supp.2d 437, 443 (W.D.Pa. 2010) (citation omitted). "In deciding the motion, a court should also consider the

liberal pleading standards of Rule 8 and the lack of a developed factual record at this early stage of litigation." *Simmons v. Nationwide Mut. Fire Ins. Co.*, 788 F.Supp.2d 404, 407 (W.D.Pa. 2011) (citations omitted).  A court will generally not grant such a motion unless the material to be stricken bears "no possible relationship to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues." *Eisai Co., Ltd. v. Teva Pharmaceuticals USA, Inc.*, 629 F.Supp.2d 416, 425 (D.N.J.2009) (citations omitted).

      2.      **Capio's Motion to Strike the Complaint**

Capio moves to strike Plaintiff's entire Complaint pursuant to Rule 12(f), arguing that Plaintiff presents and relies upon frivolous legal theories.  Overall, Capio asserts that "Plaintiff's entire theory of recovery and litigation position relies upon frivolous sovereign citizen-style conspiracies." Deft. Br. Supp. at 4 (ECF No. 10).   Capio also requests that the Court strike the Affidavit of Facts filed along with the Complaint, for the same reasons the Court previously struck the same document in the Court's June 12, 2023 Opinion and Order.

      a.      **The Complaint**

The Court is well-aware of frivolous "sovereign citizen" legal theories.  Ms. Murray, however, disavows that she is a sovereign citizen, though she does not disavow the frivolous legal theories she presents. Pltf. Resp. 9.  The Complaint itself does contain, in Paragraph 6, material that consists of legal conclusions, baseless legal arguments, and irrelevant references to matters outside the stated causes of action.  The described portion of Paragraph 6 materials appears after the first two sentences of Paragraph 6.  Capio's Motion to Strike will be granted as to Paragraph 6, except for the first two sentences of said Paragraph.

As to the remainder of the Complaint, it provides the bare minimum of substantive factual allegations in support of Ms. Murray's causes of action.  Considering the liberal pleading

standard afforded to pro se litigants, it cannot be said that the Complaint fails to comply with Rule 8(a). As shown by the Court's recitation of the alleged claims, the Complaint provides a comprehensible narrative in support of Ms. Murray's four causes of action, each of which alleges a violation of specific subsection of the FDCPA. In support of the claims, Mr. Murray has attached the debt collection letter from Capio, and she has specifically identified as allegedly showing a violation of a particular subsection. Thus, the Court concludes that the Complaint does pass "the threshold requirement of Rule 8(a)(2) that the 'plain statement' possess enough heft to 'sho[w] that the pleader is entitled to relief.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007). Accordingly, Capio's request that the entire Complaint be stricken pursuant to Rule 12(f) is DENIED.

      b.    **Affidavit of Facts**

In the Court's June 12, 2023 Opinion, the Court concluded that the document entitled, "Affidavit of Facts," ECF No. 1-3, contained "several misstatements of law and presumes to act as a mechanism to obtain summary judgment outside of the Federal Rules of Civil Procedure." Op. and Order, ECF No. 4. Furthermore, this Court stated that the document "has no effect in this Court and therefore the document entitled "Affidavit of Facts," [] is hereby struck from the docket of this case." ECF No. 4. Despite the Court's Order, the Affidavit of Facts was erroneously re-filed as an Exhibit to Plaintiff's Complaint. *See* ECF No. 6-2. The Court therefore will direct that the Affidavit of Facts, filed at ECF No. 6-3, be struck from the docket in accordance with the Court's prior ruling.

B.  **Motion to Dismiss Pursuant to Rule 12(b)(6)**

1.     **Rule 12(b)(6) Standard of Review**

When reviewing a motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Eid v. Thompson*, 740 F.3d 118, 122 (3d Cir. 2014) (quoting *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). "To survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556); *see also Thompson v. Real Estate Mortg. Network*, 748 F.3d 142, 147 (3d Cir. 2014). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Factual allegations of a complaint must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

Plaintiff's allegations must be accepted as true and construed in the light most favorable to plaintiff when determining if the complaint should be dismissed. *Trzaska v. L'Oreal USA, Inc.*, 865 F.3d 155, 162 (3d Cir. 2017), *as amended* (Aug. 22, 2017). Pro se pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). If the court can reasonably read pleadings to state a valid claim upon which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence

construction, or litigant's unfamiliarity with pleading requirements. *Boag v. MacDougall*, 454 U.S. 364 (1982). Nonetheless, a court need not credit bald assertions, unwarranted inferences, or legal conclusions cast in the form of factual averments. *Morse v. Lower Merion School District*, 132 F.3d 902, 906, n. 8 (3d Cir. 1997).

When a court grants a motion to dismiss, the court "must permit a curative amendment unless such an amendment would be inequitable or futile." *Great Western Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 174 (3d Cir. 2010) (internal quotations omitted). An amendment is inequitable where there is "undue delay, bad faith, dilatory motive, [or] unfair prejudice." *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). An amendment is futile "where an amended complaint 'would fail to state a claim upon which relief could be granted.'" *M.U. v. Downingtown High Sch. E.*, 103 F. Supp. 3d 612, 631 (E.D. Pa. 2015) (quoting *Great Western Mining.*, 615 F.3d at 175).

### 2.    **Consideration of Exhibits**

"Courts 'generally consider only the allegations contained in the complaint, exhibits attached to the complaint[,] and matters of public record' when evaluating whether dismissal under Rule 12(b)(6) [is] proper." *Levins v. Healthcare Revenue Recovery Grp. LLC*, 902 F.3d 274, 279 (3d Cir. 2018) (quoting *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). The United States Court of Appeals for the Third Circuit explains that consideration of such documents are proper because "'the primary problem raised by looking to documents outside the complaint—lack of notice to the plaintiff—is dissipated where the plaintiff has actual notice ... and has relied upon [those] documents in framing the complaint.'" *Levins*, 902 F.3d at 279-80 (quoting *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014) (internal quotation marks, alteration, and citation omitted). Here, in support of her claims,

Ms. Murray has attached pages from a Capio debt collection letter sent to Ms. Murray. Ex.s A-G; ECF No. 2 through 2-6. Consideration of these exhibits is proper because Ms. Murray refers to and relies upon them in supporting each of her causes of action.

### 3. Capio's Motion to Dismiss the Complaint

Ms. Murray alleges that Capio engaged in various abusive debt collection tactics in violation of the FDCPA. An examination of the pleaded causes of action demonstrates that none state a claim upon which relief can be granted.

#### a. First Cause of Action

The first cause of action alleges that Capio used threatening tactics in an attempt to harm Plaintiff's reputation by reporting that a negative credit report may reflect upon Plaintiff's credit record, in violation of 15 U.S.C. § 1692d(1). Subsection 1692d(1) states:

> A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (1) The use or threat of use of violence or other criminal means to harm the . . . reputation, . . . of any person.

15 U.S.C. § 1692d(1). In support of this cause of action, Ms. Murray identifies the following language printed on Capio's debt collection letter:

> As required by law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations. But we will not submit a negative credit report to a credit reporting agency about this credit obligation until the expiration of the time period described on the back of this letter. Also we will not report this credit obligation to any credit reporting agency unless that reporting complies with the credit reporting agency's rules.

Ex. B, ECF No. 2-1. The language in Capio's letter does not indicate the use or threat of use of violence or other criminal means to harm Ms. Murray's reputation. Capio's notice merely

provides information about potential consequences of failing to fulfill a credit obligation. There is no allegation to support any violation of section 1692d(1). Therefore, Ms. Murray is unable to state a claim for a violation of section 1692d(1) upon which relief can be granted. Accordingly, this cause of action will be dismissed.

### b.    Second Cause of Action

The second cause of action alleges that Capio used obscene and profane language, the natural consequence of which is to cause abuse to the Plaintiff of the alleged debt on multiple occasions, in violation of 15 U.S.C. § 1692d(2). Subsection 1692d(2) states:

> A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>     . . .
> (2) The use of obscene or profane language or language the natural consequence of which is to abuse the hearer or reader.

15 U.S.C. § 1692d(2). In support of this cause of action, Ms. Murray identifies approximately nineteen instances of alleged violations of subsection 1692(d)(2). None of Ms. Murray's cited examples are violations of section 1692d(2). For example, on page 1 of the Capio letter, Ms. Murray identifies and alleges one violation that consists solely of Capio's stylized logo, which appears in the upper left-hand corner of the letter, along with the full return address. Ms. Murray also identifies the following phrases as violative of subsection 1692d(2):

- "Total amount of debts now (sum of multiple)"
- "Contact us about your payment options"
- "Pay online at go.capiopay.com or scan the QR code below" and
- "Make your check payable to Capio Partners. Include the Capio Account #: 29464968.

Ex. A, ECF No. 2.  Said language is not, on its face, "obscene or profane."  None of the other examples cited by Ms. Murray amount to obscene or profane language to violate section 1692d(2).  All of the language in Capio's letter, as cited by Ms. Murray, is typical, benign informational language that often appears in a collection letter.  Accordingly, Ms. Murray has failed to state a claim for any violation of section 1692(d) upon which relief can be granted.  Said claim will be dismissed.

### c. Third Cause of Action

The third cause of action alleges that Capio used false representation of the amount due of the alleged debt, in violation of 15 U.S.C. § 1692e(2)(A).  Ms. Murray explains that the false representation arises due to the fact that Capio reports the amount of the alleged debt as a positive balance ($721.94) rather than as a negative balance (such as -$721.94).  Ex. A & Ex E (ECF Nos. 2 & 2-4.  Section 1692e(2)(A) states, in relevant part, as follows:

> [A] debt collector may not use any false, deceptive, or misleading representation . . . in connection with the collection of any debt. . . . . [and]
>
> (2)The false representation of— (A) the character, amount, or legal status of any debt," is a violation of section 1692e(2)(A).

15 U.S.C. § 1692e(2)(A).

Ms. Murray's reading of the debt collection letter's report of the amount of the alleged debt does not convert the straightforward and clear notice of the alleged amount of the debt sought to be collected into an FDCPA violation.  Moreover, Capio's statement as to the alleged debt is accurate because Capio is trying to collect a debt in the amount of $721.94.  There is no viable cause of action stated, as there is no false representation of the amount of the debt.  Accordingly, Ms. Murray has failed to state a claim for a violation of section 1692e(2)(A) upon which relief can be granted.  Said claim will be dismissed.

### d. Fourth Cause of Action

Finally, the fourth cause of action alleges that Capio compiled and furnished a deceptive form creating false belief in an attempt to collect the alleged debt, in violation of 15 U.S.C. § 1692j(a). Section 1692j(a), which is entitled "Furnishing Certain Deceptive Forms," states as follows:

> (a) It is unlawful to design, compile, and furnish any form knowing that such form would be used to create the false belief in a consumer that a person other than the creditor of such consumer is participating in the collection of or in an attempt to collect a debt such consumer allegedly owes such creditor, when in fact such person is not so participating.

15 U.S.C. § 1692j(a). This cause of action will be dismissed. First, the claim is ripe for dismissal because "Plaintiff's allegations merely state a legal conclusion that is not supported by any underlying facts to support a plausible claim under 15 U.S.C. § 1692j." *Clauser v. World's Foremost Bank*, No. 3:17-CV-0159, 2018 WL 5660751, at *11 (M.D. Pa. Mar. 30, 2018), report and recommendation adopted, No. 3:17-CV-159, 2018 WL 5660741 (M.D. Pa. May 8, 2018). Moreover, a claim for a violation of 1692j(a) does not apply in this case. Section 1692j(a) "only applies to situations where a third party provides a creditor with dunning letters". *Anthes v. Transworld Sys., Inc.*, 765 F. Supp. 162, 168 (D. Del. 1991). There is no third party in this case. There being no basis upon which Ms. Murray can state a claim for relief for a violation of section 1692j, the claim will be dismissed.

### C. Whether to Permit Amendment

The Court must consider whether to grant leave to amend the complaint before dismissal. *Grayson,* 293 F.3d at 108. "[L]eave must be granted in the absence of undue delay, bad faith, dilatory motive, unfair prejudice, or futility of amendment." *Id.* Here, it would be futile to

10

permit amendment. Plaintiff failed to support any of her claims with actual supporting factual statements. The factual statements cited by Ms. Murray come from the actual debt collection letter sent by Capio, and no content from said letter support Ms. Murray's claims; rather, the plain language demonstrates that no violation has occurred. The Complaint and Exhibits, therefore, provide no basis to conclude that Ms. Murray is able to allege that Capio Partners has violated the FDCPA. Therefore, amendment is futile and will not be permitted. Finally, while the Court independently concludes that it would be futile to permit amendment, amendment is not warranted for the additional reason that Ms. Murray appears to be acting in bad faith through the filing of this action, which contains patently frivolous and faulty legal interpretations and arguments.

## **ORDER**

AND NOW, this 3rd day of August 2023, IT IS ORDERED that Defendant Capio Partners' Motion to Strike the Complaint is granted in part and denied in part. The Motion is GRANTED as to Paragraph 6, except for the first two sentences. Said portion of Paragraph 6, which appears after the first two sentences, is hereby stricken from the Complaint. The Motion to Strike is DENIED insofar as Capio requests that the entire Complaint be stricken,

IT IS FURTHER ORDERED that Capio Partners' Motion to Dismiss for failure to state a claim upon which relief can be granted is GRANTED. All claims are dismissed for failure to state a claim upon which relief can be granted. Leave to amend the Complaint is not permitted as such would be futile, and because Plaintiff appears to be acting in bad faith.

Plaintiff's Complaint is dismissed with prejudice.

IT IS FURTHER ORDERED that the Clerk of Court is directed to remove Plaintiff's "Affidavit of Facts," filed at ECF No. 6-2, as said document was previously struck from the docket.

The Clerk of the Court is to mark this case CLOSED.

       /s *Marilyn J. Horan*
   Marilyn J. Horan
   United States District Court Judge

cc:   London Murray, pro se
       1311 LaBelle Street
       Pittsburgh, PA 15221